UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAHIL RANA (A# 220-750-747),<br>Petitioner,<br>v.<br>TONYA ANDREWS, et al.,<br>Respondents. | No. 1:26-cv-02131-DC-SCR (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS</u><br><br>(ECF No. 11) |

Petitioner was a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 21, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. ECF No. 11. Respondents filed objections to the findings and recommendations for the reasons indicated in their prior responsive pleading. ECF No. 12. However, those arguments were addressed and rejected by the undersigned in this case and other cases. Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing

before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK (HC), 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 11) are ADOPTED;

2. Petitioner's application for a writ of habeas corpus (ECF No. 1) is GRANTED on the Fifth Amendment procedural due process claim only.

3. The court denies the remaining claims in the § 2241 petition in the interests of judicial economy since the requested relief has been granted.

4. The preliminary injunctive relief previously granted is made permanent.

5. All pending motions, if any, are denied as moot.

6. The Clerk of the Court shall close this case.

IT IS SO ORDERED.

Dated: **September 21, 2026**

Dena Coggins
United States District Judge